PROB 12C
(06/17)

February 19, 2021
pacts id: 6467883

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

21MJ03074

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Tina Marie MOLINA (English)     **Dkt No.:** 19CR03748-001-GPC

**Reg. No.:** 87191-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 8 U.S.C. §1324(a)(1)(A)(ii) Transportation of Certain Aliens, a Class C felony

**Date of Sentence:** January 10, 2020

**Sentence:** Twelve months' and one day custody; three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** July 2, 2020

**Asst. U.S. Atty.:** Paul Eric Benjamin     **Defense Counsel:** Ezekiel E. Cortez
(Appointed)
(619) 237-0309

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT
### TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Tina Marie MOLINA					February 19, 2021
Docket No.: 19CR03748-001-GPC					Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about September 1, 2020, Ms. Molina used a controlled substance, methamphetamine, as evidenced by the urine sample she submitted at the U.S. Probation Office on September 1, 2020, which confirmed positive for methamphetamine.<br><br>2. Ms. Molina failed to comply with the drug testing requirements in that she failed to submit a urine sample at the U.S. Probation Office, as required, on October 14, 2020, November 5, 2020, January 12, 2021, and February 17, 2021. |
| **(Standard Conditions)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 3. Ms. Molina has failed to call the drug testing line as required. |

***Grounds for Revocation:*** As to Allegation 1, the undersigned received and reviewed written laboratory notification from Alere Toxicology Services, which verify the urine sample provided by Ms. Molina on September 1, 2020, confirmed positive for methamphetamine.

As to Allegation 2 and 3, on September 22, 2020, the undersigned reviewed written instructions for drug testing with Ms. Molina and she acknowledged receipt of the instructions with his signature. Specifically, Ms. Molina was directed to call the drug testing line daily and report for drug testing when required to do so by the automated testing line recording. The undersigned has received and reviewed the U.S. Probation Chain of Custody for Drug Analysis forms, which confirm that Ms. Molina failed to submit a urine sample on the above-noted dates, as required. The last recorded date she called the drug testing line is January 13, 2021. As of the writing of this report, Ms. Molina has not called the drug testing line as required.

| **(Special Condition)** Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount | 4. Ms. Molina failed to participate in mental health services as instructed. |

PROB12(C)

Name of Offender: Tina Marie MOLINA  
Docket No.: 19CR03748-001-GPC

February 19, 2021  
Page 3

to be determined by the probation officer, based on ability to pay.

***Grounds for Revocation:*** As to Allegation 4, Ms. Molina was instructed to attend an appointment scheduled by the probation officer with the Union of Pan Asian (UPAC) New Leaf Recovery Center, a dual diagnosis program (substance abuse and mental health services). She completed a telephonic orientation on November 9, 2020. She was, thereafter, scheduled for a telephonic intake appointment for November 13, 2020. Ms. Molina failed to partake in this scheduled appointment and subsequently failed to contact the program. To date, Ms. Molina has not made efforts to receive mental health services.

| | |
|---|---|
| **(Special Condition)** Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. | 5. Ms. Molina failed to participate in drug treatment as instructed. |

***Grounds for Revocation:*** As to Allegation 5, on December 29, 2020, Ms. Molina was instructed to participate in outpatient drug treatment services with the McAlister South Bay Regional Recovery Center (SBRRC). The probation officer obtained an intake appointment scheduled for January 7, 2021; Ms. Molina telephonically attended her appointment. On January 29, 2021, the probation officer received written notification from McAlister SBRRC that Ms. Molina failed to return for treatment services. To date, Ms. Molina has not made efforts to participate in drug treatment services.

| | |
|---|---|
| **(Standard Condition)** If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. | 6. On December 24, 2020, Ms. Molina was contacted by San Diego Police Department (SDPD) and failed to notify the probation officer, as required. |
| | 7. On January 22, 2021, Ms. Molina was contacted by SDPD and failed to notify the probation officer, as required. |
| | 8. On February 10, 2021, Ms. Molina was contacted by SDPD and failed to notify the probation officer, as required. |

***Grounds for Revocation:*** As to Allegation 6, the probation officer reviewed SDPD field interview no. 201224123733 dated December 24, 2020, which indicates that officers responded to a radio call of a female overdosing inside the bathrooms at Fanuel Park. It appears that Ms. Molina was the reporting party but left the

PROB12(C)

Name of Offender: Tina Marie MOLINA  
Docket No.: 19CR03748-001-GPC

February 19, 2021  
Page 4

scene prior to the arrival of officers. Ms. Molina was later located near the scene of the call. Ms. Molina failed to report law enforcement contact, as required.

As to Allegation 7, the probation officer reviewed SDPD field interview no. 210112121552 dated January 22, 2021, which indicates that officers responded to a call for California Penal Code § 647(A) disorderly conduct: solicit lewd act. Officers noted that a female, later identified as Ms. Molina was locked in a bathroom stall with a male subject. It should be noted, Ms. Molina was not arrested nor cited. Ms. Molina failed to report law enforcement contact, as required.

As to Allegation 8, the probation officer reviewed SDPD field interview no. 210210102243 dated February 10, 2021, which indicates that officers contacted Ms. Molina in an alley across from a church. Officers report that Ms. Molina was cooperative. Ms. Molina failed to report law enforcement contact, as required.

PROB12(C)

| | |
|---|---|
| Name of Offender: Tina Marie MOLINA<br>Docket No.: 19CR03748-001-GPC | February 19, 2021<br>Page 5 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Ms. Molina commenced her term of supervised release on July 2, 2020. Upon Ms. Molina's release from federal custody, she was transported to the Las Colinas Detention and Reentry Facility due to her outstanding warrant from San Diego County Probation. It should be noted, her term of supervision with San Diego County Probation was terminated and she released from custody on July 14, 2020. She released homeless in the Southern District of California, as a result, the undersigned secured placement for Ms. Molina at the Residential Reentry Center (RRC). On September 15, 2020, Ms. Molina admitted to using methamphetamine while at the RRC. On October 1, 2020, she was terminated from the RRC due to her drug use. Ms. Molina reported no familial support within San Diego County and she ultimately wound up homeless in the Pacific Beach area. It should be noted, Ms. Molina gained employment with 7-Eleven in October 2020 but quit on or about December 2, 2020.

Multiple efforts were made to provide Ms. Molina resources to address her substance abuse and mental health issues, but she failed to follow through with any directive to enroll in programs. The first program she was directed to enroll in was UPAC New Leaf Recovery Center, a dual diagnosis program that offers mental health treatment, substance abuse treatment, and case management services. Ms. Molina attended her first appointment with the program and thereafter failed to contact the program. The most recent attempt to assist Ms. Molina required enrollment at the McAlister SBRRC, an outpatient drug treatment program that was willing to provide Ms. Molina with sober living placement. Sober living placement was to be granted after submission of three negative urine samples. Ms. Molina attended her initial appointment telephonically and thereafter failed to return or contact the program. Throughout Ms. Molina's term of supervision, the undersigned provided her with frequent bus passes to eliminate any transportation issues she would have to report to probation, report for drug testing, or attend treatment.

Due to her homeless state, Ms. Molina had multiple encounters with law enforcement and two contacts of which she failed to report to the undersigned. On January 21, 2021, Ms. Molina contacted the undersigned crying asking to meet the undersigned at the probation office because her mother had recently passed away and needed someone to speak with. She expressed feeling depressed, but she was not going to be able to report to the office during business hours. The undersigned agreed to meet with Ms. Molina the following day on January 22, 2021 and provided her with emergency resources. Ms. Molina failed to report to the appointment she requested. On January 25, 2021, the undersigned received a text message from an associate of Ms. Molina advising that they had not seen her in two days because she was "really sad and needed space".

The last communication received from Ms. Molina is January 27, 2021 where she sent the following text message, "Hi Ms Bautista i am sorry i havent contacted u i have been very isolated i have been talked to by the police twice for my place of sleep. I was questioned about my probation and searched once. I am hopefully getting a phone on the 3rd so i will be able to keep in touch .my moms funeral is going on the second of February and im not looking forward to it . its killing me inside. I didnt go to the doctor for my leg or face bite my leg i drained it and it hurt like hell and looks ok its my face on now that looks like shit as u can see in the picture im still alive . i guess thats a goof thing. I have something else to tell u and u wont be happy with me at all . i relapsed again. I got high for the past three days. This whole thing with my mom has screwed me up i didnt even think i just grabbed it and started smoking like i had no care in the world. Im noy proud of my actions at all but im being honest with u. I no u said if i messed up again thats it. So i accept my responsibility and am prepared to take my punishment. Im sorry for. Making u have to have me disappoint u yet again after u stuck by me and tried to help me. Your a great probation officer and u really care but unfortunately i am stupid and am not to great. I miss my mom and i am

PROB12(C)

Name of Offender: Tina Marie MOLINA  
Docket No.: 19CR03748-001-GPC

February 19, 2021  
Page 6

hurting really badly. I turned to what i always turn to drugs. I no now i cant trust myself either. I to believed i could stay strong. All i ask now is please wait until after i have my moms funeral to take me back to jail. I truly need to say bye and i love you one last time."

In the above noted text message received, Ms. Molina admits to relapsing. The undersigned last attempted to make telephonic contact with Ms. Molina on February 8, 2020. To date, Ms. Molina has not returned the telephone call and her current whereabouts are unknown. Ms. Molina's adjustment to supervision is deemed less than satisfactory.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Molina is a single 44-year-old woman currently homeless in San Diego County. She has minimal work experience and is currently unemployed. Ms. Molina has struggled with an addiction to methamphetamine since the age of 15 years and has also used marijuana and cocaine. According to Ms. Molina, she suffers from epilepsy, anxiety, and depression.

She has attained a criminal history category V. Her prior arrest history includes the following: under the influence of a controlled substance, driving with a suspended license, possession/purchase for sale of controlled substances, and escape. Additionally, she has two prior arrests by the Los Angeles Police Department for inflicting corporal injury to spouse.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions**: Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (drug use, failure to comply with drug testing, failure to enroll in and participate in drug treatment, failure to enroll in and participate in mental health services, and failure to report law enforcement contact) constitute a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

PROB12(C)

Name of Offender: Tina Marie MOLINA  
Docket No.: 19CR03748-001-GPC

February 19, 2021  
Page 7

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Ms. Molina is a high-risk offender who is currently homeless and actively abusing methamphetamine. Ms. Molina may be considered a danger to herself, poses a risk of flight and non-appearance, as such, it is recommended the Court issue a no bail bench warrant to compel Ms. Molina's appearance.

## RECOMMENDATION/JUSTIFICATION

Ms. Molina is before Your Honor for her first revocation of supervised release. Despite many efforts to assist Ms. Molina with mental health, substance abuse treatment, and housing, she has not availed herself to supervision. Should the allegations herein be sustained, it is respectfully recommended Ms. Molina's supervised release be revoked and she be sentenced to 7 months' custody followed by 30 months' supervised release under the same terms and conditions previously imposed. Additionally, due to her illicit substance abuse history as well as her continued use of illicit substances during the period of supervision, in an effort to provide an increased therapeutic resource, it is requested the following condition be imposed:

**(Special Condition)**

Enroll in and successfully complete a residential drug treatment program as directed by the probation officer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **February 19, 2021**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

by _____  
Alejandra Bautista  
U.S. Probation Officer  
(619) 409-5104

Reviewed and approved:

_____  
Craig Bilinski  
Supervisory U.S. Probation Officer

fyf

PROB12CW                                                                                                          February 19, 2021

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** MOLINA, Tina Marie

2. **Docket No. (Year-Sequence-Defendant No.):** 19CR03748-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Drug Use | C |
| Failure to comply with drug testing | C |
| Failure to enroll in and participate in mental health services | C |
| Failure to enroll in and participate in drug treatment | C |
| Failure to report law enforcement contact | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                    [ V ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [ 7 to 13 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____      Community Confinement _____
   Fine($) _____              Home Detention _____
   Other _____                Intermittent Confinement _____

PROB12(C)

Name of Offender: Tina Marie MOLINA  
Docket No.: 19CR03748-001-GPC

February 19, 2021  
Page 9

**THE COURT ORDERS:**

___✓___ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE NO-BAIL BENCH WARRANT AND THIS PETITION TO BE SEALED FOR OTHER THAN LAW ENFORCEMENT PURPOSES AND UNTIL SUCH TIME THAT THE SUBJECT HAS BEEN ARRESTED AND THE WARRANT DULY EXECUTED.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

<br/>

_____  
The Honorable Gonzalo P. Curiel  
U.S. District Judge

02/22/21  
Date